**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| DCS JANITORIAL, LLC, | : | |
| | : | |
| Debtor. | : | Case No. 24 - 12012 (PMM) |

**INTERIM ORDER (a) TO PERMIT USE OF CASH COLLATERAL; (b) PROVIDE ADEQUATE PROTECTION TO PARTIES WITH INTEREST IN CASH COLLATERAL; AND (c) REQUEST FOR AN EXPEDITED HEARING**

**AND NOW,** this 24th day of June, 2024, upon consideration of the Motion of the Debtor for an Order Authorizing (a) Use of Cash Collateral, (b) Providing Adequate Protection to Parties of Interest in Cash Collateral; and (c) for an Expedited Hearing, (the "Motion," docs. no 12, 13), after notice and a hearing, and it appearing that the Debtor having requested cash collateral and Vader Servicing, LLC ("Vader") having failed to appear at a June 20, 2024 hearing on the Motion, to the use on an interim basis;

**IT IS HEREBY ORDERED** that the Debtor's Use of Cash Collateral is hereby approved subject to the terms of this Order, through July 5, 2024.

**IT IS FURTHER ORDERED:**

1. that as adequate protection for its alleged secured position in the Debtor's receivables, Vader is hereby granted valid, perfected replacement liens in all Debtor's assets (the "Replacement Liens"), to the extent of the validity of the liens as of the Petition Date, including any diminution in value,

    a. the Replacement Liens granted to Vader will be considered valid and perfected, for the purpose of this Order, pending a determination of Vader's security interest in the Debtor's assets, pursuant to 11 U.S.C. §506(a) and Fed. R. Bankr. P. 3012(a)(1), <u>see</u> doc. no. 21;

2. that the Debtor shall provide to the UST proof of insurance and maintain insurance on the business and the property;

3. that the Debtor shall file all monthly operating reports with the Court on a timely basis as required by the Bankruptcy Code and Rules;

4. that the Debtor shall maintain accurate and detailed records of all transfers, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between pre-petition and post-petition transactions;

5. that pre-petition payroll shall be funded in the gross amount including all payroll taxes and employee benefits, if any, subject to the cap of Bankruptcy Code section 507(a)(4) and 507(a)(5);

6. A further hearing on the use of cash collateral will be held **Tuesday, July 2, 2024 at 11:30 a.m.** in the United States Bankruptcy Court via Zoom Video Conference;
    a. https://www.zoomgov.com/j/1600008094?pwd=ZkZUNDFBMUNaczgwU2xnamN5dzdXZz09
    b. Meeting ID: 160 000 8094
    c. Passcode: 939518

7. The Debtor shall file a certification with the Court that it has served Vader and its counsel with this Order no later than seven (7) days after the entry of this Order;

8. Notwithstanding the foregoing, this ORDER shall terminate immediately and automatically upon the occurrence of the following:
    a. Entry of an order dismissing or converting the Debtor's chapter 11 case to a chapter 7 case;
    b. Expiration of the term hereunder;
    c. Failure to comply with the terms of this Order.

BY THE COURT:

Date: 06/24/2024

*Patricia M. Mayer*

THE HONORABLE PATRICIA M. MAYER
UNITED STATES BANKRUPTCY JUDGE